IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JAMES D. SNOWDEN                      §
                                      §
              Plaintiff,              §
                                      §
v.                                    §
                                      §        CIVIL ACTION NO. H-14-2963
DEUTSCHE BANK NATIONAL TRUST          §
COMPANY, AS TRUSTEE FOR ARGENT        §
SECURITIES INC., ASSET-BACKED         §
PASS-THROUGH CERTIFICATES,            §
SERIES 2003-W10; OCWEN LOAN           §
SERVICING, LLC; and MACKIE WOLF       §
ZIENTZ & MANN, P.C.,                  §
                                      §
              Defendants.             §

## MEMORANDUM OPINION AND ORDER

Plaintiff James D. Snowden ("Snowden" or "Plaintiff") sued defendants Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc. Asset-Backed Pass-Through Certificates Series 2003-W10 ("Deutsche"), Ocwen Loan Servicing LLC ("Ocwen"), and Mackie Wolf-Zientz & Mann PC ("MWZM") (collectively, "Defendants") in the 127th Judicial District Court for Harris County, Texas, under Cause No. 2014-53229.[1]  Defendants timely removed.[2]  Pending before the court are Defendants Deutsche Bank National Trust Company and Ocwen Loan Servicing, LLC's Motion for

---

[1]See Plaintiff's Original Petition and Request for Disclosure ("Original Petition"), Exhibit C1 to Notice of Removal, Docket Entry No. 1-3.

[2]See Notice of Removal, Docket Entry No. 1.

Summary Judgment (the "Deutsche/Owcen Motion for Summary Judgment") (Docket Entry No. 7) and Defendant Mackie Wolf Zientz & Mann, P.C.'s Motion for Summary Judgment (Docket Entry No. 14).  For the reasons stated below, both of Defendants' motions for summary judgment will be granted, and this action will be dismissed with prejudice.

## I.  **Background**

In October 2003, Plaintiff's wife signed a Texas Home Equity Adjustable Rate Note (the "Note").[3]  Contemporaneously, Plaintiff and his wife signed a Texas Home Equity Security Instrument (the "Lien") securing repayment under the Note with an interest in Plaintiff's and his wife's property in Pearland, Texas (the "Property").[4]  Plaintiff and/or his wife defaulted on the Note.[5] Defendants accelerated the note in 2005, 2009, and 2011.[6] Defendants also applied for and obtained four separate orders under

---

[3]See Texas Home Equity Adjustable Rate Note, Exhibit A1 to Deutsche/Ocwen Motion for Summary Judgment, Docket Entry No. 7-2.

[4]See Texas Home Equity Security Instrument, Exhibit A2 to Deutsche/Ocwen Motion for Summary Judgment, Docket Entry No. 7-3.

[5]See Plaintiff's Response to Defendants Deutsche Bank and Ocwen's First Requests for Admission, Exhibit A3 to Defendants' Second Motion for Leave to File Supplemental Summary Judgment Evidence, Docket Entry No. 19-1, p. 25

[6]See Section II(B)(1), below.  Numerous entities were involved in the origination and servicing of the mortgage at issue in this case.  Because their identities are not material to Plaintiff's claim that the statute of limitations has expired, the court refers to them collectively along with the Defendants.

Texas Rule of Civil Procedure 736 allowing for foreclosure on the Property.[7]   After each acceleration, Plaintiff and/or his wife made, and Defendants accepted, payments under the note.[8] Defendants again accelerated the Note in August of 2013.[9] Defendants filed a fifth Rule 736 application,[10] and this litigation ensued.

## II.  Motions for Summary Judgment

### A.  Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986).  The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing

---

[7]See Original Petition, Exhibit C1 to Notice of Removal, Docket Entry No. 1-3, p. 3.

[8]See id.

[9]See Notice of Default and Intent to Accelerate, Exhibit A19 to Deutsche/Ocwen Motion for Summary Judgment, Docket Entry No. 7-20; Notice of Acceleration of Loan Maturity, Exhibit A20 to Deutsche/Ocwen Motion for Summary Judgment, Docket Entry No. 7-21.

[10]Application for an Expedited Order Under Rule 736 on a Home Equity Loan, Exhibit A21 to Deutsche/Ocwen Motion for Summary Judgment, Docket Entry No. 7-22.

on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting Celotex, 106 S. Ct. at 2553). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Id. If, however, the moving party meets this burden, "the nonmovant must go beyond the pleadings" and produce evidence that specific facts exist over which there is a genuine issue for trial. Id. (citing Celotex, 106 S. Ct. at 2553-54). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

"In order to avoid summary judgment, the nonmovant must identify specific facts within the record that demonstrate the existence of a genuine issue of material fact." CQ, Inc. v. TXU Min. Co., L.P., 565 F.3d 268, 273 (5th Cir. 2009). "The party must also articulate the precise manner in which the submitted or identified evidence supports his or her claim." Id. (internal quotation marks and citation omitted). "When evidence exists in

the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." Id. (same).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2110 (2000). Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

**B.   Analysis**

Snowden alleges that Defendants failed to foreclose on his property within the time limit provided by the Texas Civil Practices and Remedies Code and that the lien on his property has therefore expired.  Based on that central allegation, Snowden asserts causes of action for (1) quiet title, (2) violation of the Fair Debt Collection Practices Act, and (3) violation of the Texas Debt Collection Act.  Because the statute of limitations has not expired, Snowden's central allegation fails, and Defendants are entitled to summary judgment on all of his claims.

1.   <u>Defendants abandoned each prior acceleration of the Note,
     and the statute of limitations has not expired.</u>

Under Texas law, a real property lien and the power of sale to enforce it become void if a lender does not foreclose within four years of the day the cause of action accrues.   Tex. Civ. Prac. & Rem. Code § 16.035; <u>Holy Cross Church of God in Christ v. Wolf</u>, 44 S.W.3d 562, 567 (Tex. 2001)   "If a note secured by a real property lien is accelerated pursuant to the terms of the note, then the date of accrual becomes the date the note was accelerated."   <u>Khan v. GBAK Properties, Inc.</u>, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.).   A note is effectively accelerated once the noteholder sends the borrower (1) notice of intent to accelerate, and (2) notice of acceleration.   <u>Holy Cross</u>, 44 S.W.3d at 566.   Nevertheless, a noteholder that exercises its option to accelerate may abandon acceleration before the limitations period expires, restoring the contract to its original condition, including the note's original maturity date.   <u>Khan,</u> 371 S.W.3d at 353.   A noteholder who abandons acceleration no longer needs to foreclose within four years from the date of that acceleration.

"[A]cceleration can be abandoned by agreement or other action of the parties."   <u>Id.</u>   Additionally, the noteholder may abandon acceleration unilaterally by its conduct alone.   <u>Leonard v. Ocwen Loan Servicing, L.L.C.</u>, No. 14-20611, 2015 WL 3561333, at *2 (5th Cir. June 9, 2015).   For example, "the holder can abandon acceleration if the holder continues to accept payments without

-6-

exacting any remedies available to it upon declared maturity."
Holy Cross, 44 S.W.3d at 567; see also Rivera v. Bank of America,
N.A., 607 F. App'x 358, 361 (5th Cir. 2015) ("We hold that Bank of
America abandoned its prior acceleration by accepting continued
payments . . . .").

It is undisputed that Defendants accelerated the Note in July
of 2005.  It is also undisputed that, thereafter, Snowden and/or
his wife made multiple payments on the loan,[11] Defendants accepted
those payments,[12] and Defendants did not foreclose on Plaintiff's
property.    Defendants    therefore    abandoned    the    July    2005
acceleration.

Snowden argues that because Defendants also sought and
obtained an Order Allowing Foreclosure under Texas Rule of Civil
Procedure 736, Defendants could not abandon the 2005 acceleration:
"Hiring counsel to prepare the Affidavit and the Application,
sending the Affidavit interstate, paying the filing fee to get the
package filed with the Court, serving it on Mr. Snowden, filing the
Motion For Default, preparing the affidavit that supported it, and
supplying the Order for the Court to sign were all remedies that

---

[11]Plaintiff's Response to Defendants' Requests for Admission,
Exhibit A3 to Defendants' Second Motion for Leave to File
Supplemental Summary Judgment Evidence, Docket Entry No. 19-1,
p. 26.

[12]See Loan History, Exhibit A24 to Deutsche/Ocwen Motion for
Summary Judgment, Docket Entry No. 7-25, p. 5.

could only have been 'exacted' upon the declared maturity of the loan."[13]

The court is not persuaded by this argument.  Plaintiff identifies no case law in support of his position, and the court is aware of none.  Furthermore, the Houston Court of Appeals recently rejected the same argument: "[R]ule 736 merely provides a procedural device to obtain authorization to proceed with the remedy of foreclosure." <u>Biedryck v. U.S. Bank Nat'l Ass'n</u>, No. 01-14-00017-CV, 2015 WL 2228447, at *5 (Tex. App.—Houston [1st Dist.] May 12, 2015, no pet.).  As such, a lender may abandon acceleration even after obtaining an order allowing for foreclosure by, for example, accepting payments or entering into a loan modification agreement with the borrower.  <u>See</u> <u>id.</u> at *4-*5; <u>Deutsche Bank Nat. Trust Co. v. Ra Surasak Ketmayura</u>, No. A-14-CV-00931-LY-ML, 2015 WL 3899050, at *7 (W.D. Tex. June 11, 2015) (citing <u>Biedryck</u>, 2015 WL 2228447).

Defendants again accelerated the Loan in May of 2009.[14] In December of 2009 Plaintiff entered into a loan modification

---

[13]Plaintiff's Response to the Defendants' Motion for Summary Judgment, Docket Entry No. 10, p. 9.

[14]<u>See</u> Letter from American Home Mortgage Servicing, Inc. to James D. Snowden (March 16, 2009), Exhibit A10 to Deutsche/Ocwen Motion for Summary Judgment, Docket Entry No. 7-11 (providing notice of default and intent to accelerate); Letter from Codilis & Stawiarski P.C. to Donna E. Snowden and James D. Snowden (May 7, 2009), Exhibit 11A to Deutsche/Ocwen Motion for Summary Judgment, Docket Entry No. 7-12 (providing notice of acceleration).

agreement with Defendants.[15]  The agreement did not require payment of the full accelerated amount of the loan, but instead monthly payments of $1,551.28.[16]  The summary judgment evidence reflects that Defendants then accepted and applied multiple monthly payments in that amount to the Loan.[17]  Defendants therefore abandoned the May 2009 acceleration.

Snowden argues that the 2009 modification agreement is invalid because, among other reasons, the copy tendered by Defendants was not properly initial or received by the date required.[18]  However, Snowden admits that he executed a Loan Modification Agreement on or about the date of the agreement in the record.[19]  Whether the agreement was enforceable is not necessarily dispositive.  See, e.g., Mendoza v. Wells Fargo Bank, N.A., No. H-14-SS4, 2015 WL

---

[15]Plaintiff's Response to Defendants' Requests for Admission, Exhibit A3 to Defendants' Second Motion for Leave to File Supplemental Summary Judgment Evidence, p. 26; Loan Modification Agreement, Exhibit A14 to Deutsche/Ocwen Motion for Summary Judgment, Docket Entry No. 7-15.

[16]Loan Modification Agreement, Exhibit A14 to Deutsche/Ocwen Motion for Summary Judgment, Docket Entry No. 7-15, p. 5.

[17]See Loan History, Exhibit A24 to Deutsche/Ocwen Motion for Summary Judgment, Docket Entry No. 7-25, pp. 23-25.  The specific amount listed in the Loan History is $1551.30.

[18]See Plaintiff's Response to the Defendants' Motion for Summary Judgment, Docket Entry No. 10, pp. 12-15; Plaintiff's Objection to Defendants' Motion for Leave to File Supplemental Summary Judgment Evidence, Docket Entry No. 18, pp. 5-6.

[19]Plaintiff's Response to Defendants Deutsche Bank and Ocwen's First Requests for Admission, Exhibit A3 to Defendants' Second Motion for Leave to File Supplemental Summary Judgment Evidence, Docket Entry No. 19-1, p. 26.

338909, at *4 (S.D. Tex. Jan. 23, 2015) (holding that parties jointly abandoned acceleration by filing agreed order and proposed plan in bankruptcy proceeding that was later terminated without discharge); In re Rosas, 520 B.R. 534, 542 (W.D. Tex. 2014) ("[T]he Forbearance Agreement is an action by both parties that established abandonment. Its enforceability is irrelevant and does not impact whether tendering and accepting payments constitutes abandonment."). More importantly, the summary judgment evidence reflects that Defendants accepted and applied payments to the Loan in early 2010, which alone was sufficient to abandon the May 2009 acceleration.[20]

Defendants again accelerated the Loan in July of 2011.[21] It is undisputed that after July of 2011 Snowden and/or his wife made multiple payments on the loan,[22] Defendants accepted those

---

[20]Plaintiff's additional argument based on the anti-waiver provision in the Deed of Trust is also unavailing. See Mendoza, 2015 WL 338909, at *4. Similarly, Plaintiff's argument relying on Civ. Prac. & Rem. Code § 16.036, which provides for suspension of the limitations period by written agreement of the parties, was recently rejected by the Houston Court of Appeals. See Biedryck, 2015 WL 2228447, at *5; see also Khan, 371 S.W.3d at 355 ("Suspension of the statute of limitations does not concern the acceleration of a note or the abandonment of that acceleration.").

[21]See Letter from G. Moss & Associates to James D. Snowden (May 23, 2011), Exhibit A15 to Deutsche/Ocwen Motion for Summary Judgment, Docket Entry No. 7-16 (providing notice of intent to accelerate); Letter from Mackie Wolf Zientz & Mann, P.C. to James Snowden (July 19, 2011), Exhibit A16 to Deutsche/Ocwen Motion for Summary Judgment, Docket Entry No. 7-17 (providing notice of acceleration).

[22]Plaintiff's Response to Defendants' Requests for Admission, Exhibit A3 to Defendants' Second Motion for Leave to File

-10-

payments,[23] and Defendants did not foreclose on Plaintiff's property.   Defendants therefore abandoned the July 2011 acceleration.

Because Defendants abandoned the 2005, 2009, and 2011 accelerations, the statute of limitations has not run, and Defendants are not barred by limitations from enforcing their lien on Plaintiff's property.   Therefore, Plaintiff's claims for quiet title and declaratory relief fail as a matter of law.[24]

        2.    Defendants are entitled to summary judgment on
              Plaintiff's FDCPA and TDCA claims.

Plaintiff alleges that Deutsche, Ocwen, and MWZM each violated the federal Fair Debt Collection Practices Act, 15 U.S.C. 1692e,[25]

_____

Supplemental Summary Judgment Evidence, Docket Entry No. 19-1, p. 26.

        [23]See Loan History, Exhibit A24 to Deutsche/Ocwen Motion for Summary Judgment, Docket Entry No. 7-25, pp. 28-33.

        [24]In his Original Petition, Plaintiff also sought a declaration that the seven-year period imposed by 15 U.S.C. § 1681c(a)(4) for reporting collection activities on Plaintiff's credit report had expired and that "the trade line [related to this loan] should be deleted from his credit report."  Original Petition, Exhibit C1 to Notice of Removal, Docket Entry No. 1-3, p. 6 ¶ 32.  "Both Texas and federal law require the existence of a justiciable case or controversy in order to grant declaratory relief."  Val-Com Acquisitions Trust v. CitiMortgage, Inc., 421 F. App'x 398, 400 (5th Cir. 2011); see also Conrad v. SIB Mortg. Corp., No. 4:14-CV-915-A, 2015 WL 1026159, at *7 (N.D. Tex. Mar. 6, 2015) ("A declaratory judgment action requires the parties to litigate some underlying claim or cause of action.").  Because all of Plaintiff's substantive claims will be dismissed, this request for declaratory relief will be denied as well.

        [25]Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the

-11-

and the Texas Debt Collection Act, Tex. Fin. Code § 392.304(a)(8),[26] by misrepresenting, at various times, that the lien on Plaintiff's property was valid, by seeking or threatening to enforce that lien, and/or by threatening to "accelerate a loan that had already been accelerated."[27] Because the statute of limitations has not expired, and Defendants abandoned each prior acceleration of Plaintiff's loan, Defendants' representations were not false, nor were Defendants legally barred from enforcing the lien or acceleratig the loan. Plaintiff's FDCPA and TDCA claims fail as a matter of law.[28]

---

collection of any debt," including the false representation of the "character, amount, or legal status of any debt" and "the threat to take any action that cannot legally be taken or that is not intended to be taken."

[26]Section 392.304(a)(8) prohibits "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding."

[27]See Original Petition, Exhibit C1 to Notice of Removal, Docket Entry No. 1-3, pp. 7-13.

[28]Plaintiff also alleges that MWZM misrepresented the character, extent, or amount of a consumer debt, in violation of Tex. Fin. Code § 392.304(a)(8), by asserting in a letter that "the Mortgage Servicer may seek to hold [Plaintiff] personally liable" for any deficiency following foreclosure. Original Petition, Exhibit C1 to Notice of Removal, Docket Entry No. 1-3, pp. 10-11; see Letter from MWZM to James Snowden (Aug. 30, 2013), Exhibit A-19 to Deutsche/Ocwen Motion for Summary Judgment, Docket Entry No. 7-20, p. 2. Plaintiff argues that under the Texas Constitution home equity loans, such as the one at issue in this case, are without recourse for personal liability. Original Petition at 11. MWZM argues that a home equity loan can be with recourse where the owner or spouse obtained the extension of credit by actual fraud, and use of the word "may" in the letter was not a threat, but merely a statement of what the mortgage servicer might seek to do.

### III.  **Conclusions and Order**

Because the summary judgment evidence establishes that Defendants abandoned the 2005, 2009, and 2011 accelerations, the statute of limitations imposed by Tex. Civ. Prac. & Rem. Code § 16.035 has not expired.  Because the statute of limitations has not expired, all of Plaintiff's substantive claims fail as a matter of law.  Accordingly, Defendants Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-W10, and Ocwen Loan Servicing, LLC's Motion for Summary Judgment (Docket Entry No. 7) is **GRANTED**, Defendant Mackie Wolf Zientz & Mann, P.C.'s Motion for Summary Judgment (Docket Entry No. 14) is **GRANTED**, and this action will be dismissed with prejudice.

---

Defendant Mackie Wolf Zientz & Mann, P.C.'s Motion for Summary Judgment, Docket Entry No. 14, pp. 8-9 ¶ 18.  Plaintiff responds that since only his ex-wife signed the original Note, Plaintiff could not be held personally liable in any case.  Plaintiff's Response to the Mackie Wolf Zientz & Mann, P.C.'s Motion for Summary Judgment, Docket Entry No. 15, p. 10 ¶ 26.  The mere assertion in Plaintiff's briefing that he was divorced prior to receipt of the letter is not supported by any evidence in the record.  Regardless, the court is skeptical that Plaintiff's allegations raise a cognizable claim under § 392.304(a)(8).  Even if they do, however, Plaintiff has neither pleaded nor provided any evidence of actual damages that resulted from MWZM's alleged violation.  <u>See</u> Tex. Fin. Code § 392.403 (providing that a person may sue for "actual damages sustained as a result of a violation of this chapter"); <u>Elston v. Resolution Services, Inc.</u>, 950 S.W.2d 180, 185 (Tex. App.—Austin 1997, no writ) (affirming grant of summary judgment for defendant where plaintiff failed to establish that he suffered actual damages related to alleged violations of the TDCA).  Summary judgment on this claim is appropriate.

Because the court has not relied on the misstatement in paragraph six of the affidavit filed with the Deutsche/Ocwen Motion for Summary Judgment, Defendants Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificase, Series 2003-W10, and Ocwen Loan Servicing, LLC's Motion for Leave to File Supplemental Summary Judgment Evidence (Docket Entry No. 16) is **DENIED AS MOOT.**

**SIGNED** at Houston, Texas, this 31st day of August, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-14-